UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON MOTWANI, | § <br> § <br> § Civil Action No. |
| *Plaintiff*, | § <br> § <br> § Sec. |
| v. | § <br> § Judge |
| WET WILLIES MANAGEMENT CORP., | § <br> § Mag. |
| *Defendant*. | § <br> § |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
TRADEMARK NON-INFRINGEMENT, NON-DILUTION, AND
UNENFORCEABILITY**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Aaron Motwani (hereinafter "Mr. Motwani" or "Plaintiff"), who hereby presents this Complaint for Declaratory Judgment of Trademark Non-Infringement, Non-Dilution, and Unenforceability against Defendant Wet Willies Management Corp. (hereinafter "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, seeking a declaratory judgment of trademark non-infringement, non-dilution, and unenforceability under the federal Lanham Act, 15 U.S.C. § 1051, *et seq*., so as to enable Mr. Motwani to continue his lawful business practices sans Defendant's nuisance, opposition, and overly broad challenges of trademark infringement and dilution that intend to wrongfully restrain and restrict Mr. Motwani's competition of goods and services under non-infringing and non-diluting marks.

## THE PARTIES

2. Mr. Motwani is an individual residing in the State of Louisiana. Mr. Motwani is in the business of developing, maintaining, and operating various properties and businesses throughout New Orleans, Louisiana, including establishing the local chain of fast and casual restaurants found under the WILLIE'S CHICKEN SHACK name and marks described herein, and is Plaintiff here.

3. Defendant is a corporation organized and existing under the laws of the State of Florida, registering its principal place of business as 11706 Mercy Boulevard #1, Savannah, Georgia 31419, and is made Defendant here. Defendant may be served with process through its registered agent for service of process, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

## JURISDICTION

4. This United States District Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, for claims asserted herein arising under the federal Lanham Act, 15 U.S.C. § 1051, *et seq*.

5. This United States District Court has subject matter jurisdiction based upon an actual controversy between the parties under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, for the relief requested herein of declaratory judgment with respect to the marks described herein.

6. This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, it and/or its agents purposefully directed its activities to the State of Louisiana and its residents, particularly its trademark enforcement activities, including the mailing of a litigious demand letter to Mr. Motwani, aiming to alter the rights of Mr. Motwani by containing accusations of trademark infringement and dilution, and demands in remedy thereof, presumably in connection

with a licensing agreement with its several nationwide franchisees, so as to purposefully avail itself of the privilege of conducting business within the State of Louisiana, particularly in this District.

7. This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, it is actively pursuing the expansion of its nationwide brand into the State of Louisiana, so as to purposefully avail itself of the privilege of conducting business within the State of Louisiana, particularly in this District.

8. This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant actively asserts alleged rights associated with the alleged "fame" of its marks amongst the general consuming public throughout the United States, including the State of Louisiana and this District, against Mr. Motwani.

9. This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant's conduct as alleged herein occurred and continues to occur in the State of Louisiana, particularly in this District.

10. This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant's conduct alleged herein caused and continues to cause injury to Mr. Motwani in the State of Louisiana, particularly in this District.

11. Defendant purposefully availed itself of the privilege of conducting business in the State of Louisiana, and intends to derive revenue from its conduct and expects its actions to be of consequence in this State and District.

## **VENUE**

12. Venue is proper in this District, the Eastern District of Louisiana, under 28 U.S.C. §§ 1391(b) and 1391(c) on the grounds that, *inter alia*, Defendant is subject to personal jurisdiction in this State and District.

## CASE AND CONTROVERSY

### Mr. Motwani's WILLIE'S CHICKEN SHACK Marks

13. Mr. Motwani develops, maintains, and operates several fast and casual restaurants, primarily and specializing in serving fried chicken, and further consisting of a full-service bar, throughout New Orleans, Louisiana.

14. Mr. Motwani, since at least as early as 2012, has developed and operated these aforementioned fast and casual restaurants under the name and mark of "WILLIE'S CHICKEN SHACK."

15. Mr. Motwani developed and currently operates six "WILLIE'S CHICKEN SHACK" locations in New Orleans, Louisiana, particularly in the Central Business District and French Quarter, including at 428 Canal Street, New Orleans, Louisiana 70130; 707 Canal Street, New Orleans, Louisiana 70130; 229 Bourbon Street, New Orleans, Louisiana 70130; 409 Bourbon Street, New Orleans, Louisiana 70130; 630 Bourbon Street, New Orleans, Louisiana 70130; and 911 Decatur Street, New Orleans, Louisiana 70116.

16. The development of these aforementioned properties and the subsequent operation of the fast and casual restaurants found thereon represents a substantial investment into "WILLIE'S CHICKEN SHACK."

17. Mr. Motwani is the owner of the common law mark, "WILLIE'S CHICKEN SHACK" (standard character mark) (hereinafter "WILLIE'S CHICKEN SHACK Word Mark"), among others, and the goodwill associated therewith, wherefrom Mr. Motwani holds all accompanying right, including the right to use and to exploit, in its use in connection with the development and operation of the aforementioned fast and casual restaurants.

18. Mr. Motwani is the owner of the common law mark, "WILLIE'S CHICKEN SHACK DAIQURIS COLD BEER" (stylized and/or with design) (hereinafter "WILLIE'S CHICKEN SHACK Design Mark"), among others, and the goodwill associated therewith, wherefrom Mr. Motwani holds all accompanying right, including the right to use and to exploit, in its use in connection with the development and operation of the aforementioned fast and casual restaurants, and is represented as follows:



19. Mr. Motwani's WILLIE'S CHICKEN SHACK Word Mark and WILLIE'S CHICKEN SHACK Design Mark are hereinafter collectively referred to as "WILLIE'S CHICKEN SHACK Marks."

Mr. Motwani's Application for Registration of WILLIE'S CHICKEN SHACK Marks

20. Mr. Motwani's fast and casual restaurants found under the WILLIE'S CHICKEN SHACK Marks serve local residents and consumers who are visiting New Orleans from all over the world.

21. Mr. Motwani accordingly filed the two federal applications for registration of the WILLIE'S CHICKEN SHACK Marks, currently pending in the United States Patent and Trademark Office under Serial Nos. 87/113,561 and 87/113,606.

22. Specifically, Mr. Motwani applied for a federal service mark registration for the WILLIE'S CHICKEN SHACK Word Mark for fast casual restaurants, bar services, and restaurant and bar services in International Class 43 on July 22, 2016; and the application is now pending in the

United States Patent and Trademark Office under Serial No. 87/113,561. A true and correct copy of this particular application is attached hereto as Exhibit "A."

23. Specifically, Mr. Motwani applied for a federal service mark registration for the WILLIE'S CHICKEN SHACK Design Mark for bar services, restaurant and bar services, and fast casual restaurants in International Class 43 on July 22, 2016; and the application is now pending in the United States Patent and Trademark Office under Serial No. 87/113,606. A true and correct copy of this particular application is attached hereto as Exhibit "B."

24. Mr. Motwani never abandoned and does not intend to abandon the WILLIE'S CHICKEN SHACK Marks, nor their associated federal applications for registration, and as such, has continuously used the WILLIE'S CHICKEN SHACK Marks without interruption since their respective listed dates of first use.

25. There is no question that Mr. Motwani is the rightful owner and senior user of the entirety of the WILLIE'S CHICKEN SHACK Marks, particularly as applied to the development and operation of the fast and casual restaurants throughout New Orleans, Louisiana, primarily and specializing in serving fried chicken, and further consisting of a full-service bar.

26. Mr. Motwani's applications for federal registration of the WILLIE'S CHICKEN SHACK Marks were determined to meet the minimum filing requirements and were accordingly assigned Serial Nos. 87/113,561 and 87/113,606. The applications were then forwarded to an Examining Attorney, per the regulations of the United States Patent and Trademark Office.

27. Upon assignment, the Examining Attorney reviews an application to determine whether it complies with all applicable rules and statutes, and includes all required fees. A complete review by the Examining Attorney includes a search for conflicting marks and an examination of the written application, the drawing, and any specimen.

28.     Mr. Motwani's federal applications were each assigned to Examining Attorney Matthew C. Kline of Law Office 103 of the United States Patent and Trademark Office (hereinafter "Examiner Kline").

29.     Examiner Kline analyzed the applications to determine whether the applied-for marks were entitled to registration pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*., per United States Patent and Trademark regulations.

30.     Examiner Kline performed a search for prior registrations consisting of the term "WILLIE" and similar terms (e.g., "WILLY," "WILLEY," and so forth). A true and correct copy of this search, as recorded in the United States Patent and Trademark Office, is attached hereto as Exhibit "C."

31.     After Examiner Kline's review of Mr. Motwani's WILLIE'S CHICKEN SHACK Word Mark, under Serial No. 87/113,561, Examiner Kline issued an Office Action on November 2, 2016. A true and correct copy of this Office Action is attached hereto as Exhibit "D." The November 2, 2016 Office Action stated that "[t]he trademark examining attorney has searched the USPTO's database of registered and pending marks and has <u>found no conflicting marks that would bar registration</u> under Trademark Act Section 2(d)." *See* Ex. D. (emphasis added).

32.     Examiner Kline cited no prohibition on registration of the WILLIE'S CHICKEN SHACK Word Mark.

33.     Examiner Kline found the WILLIE'S CHICKEN SHACK Word Mark to be distinctive.

34.     Examiner Kline found that the WILLIE'S CHICKEN SHACK Word Mark was not likely to be confusingly similar to <u>any</u> prior-existing registration.

35.     The United States Patent and Trademark Office issued a Notice of Publication on Mr. Motwani's WILLIE'S CHICKEN SHACK Word Mark, under Serial No. 87/113,561, on

December 7, 2016. A true and correct copy of this Notice of Publication is attached hereto as Exhibit "E." The Notice of Publication confirmed that "[t]he mark of the application identified appears to be <u>entitled to registration</u>." See Ex. E. (emphasis added).

36. After Examiner Kline's review of Mr. Motwani's WILLIE'S CHICKEN SHACK Design Mark, under Serial No. 87/113,606, Examiner Kline issued an Office Action on November 2, 2016. A true and correct copy of this Office Action is attached hereto as Exhibit "F." The November 2, 2016 Office Action stated that "[t]he trademark examining attorney has searched the USPTO's database of registered and pending marks and has <u>found no conflicting marks that would bar registration</u> under Trademark Act Section 2(d)." *See* Ex. F. (emphasis added).

37. Examiner Kline cited no prohibition on registration of the WILLIE'S CHICKEN SHACK Design Mark.

38. Examiner Kline found the WILLIE'S CHICKEN SHACK Design Mark to be distinctive.

39. Examiner Kline found that the WILLIE'S CHICKEN SHACK Design Mark was not likely to be confusingly similar to <u>any</u> prior-existing registration.

40. The United States Patent and Trademark Office issued a Notice of Publication on Mr. Motwani's WILLIE'S CHICKEN SHACK Design Mark, under Serial No. 87/113,606, on December 7, 2016. A true and correct copy of this Notice of Publication is attached hereto as Exhibit "G." The Notice of Publication confirmed that "[t]he mark of the application identified appears to be <u>entitled to registration</u>." *See* Ex. G. (emphasis added).

41. Mr. Motwani's federal applications for registration of the WILLIE'S CHICKEN SHACK Marks, found under Serial Nos. 87/113,561 and 87/113,606, were subsequently published in the Trademark Official Gazette on December 27, 2016. A true and correct copy of each publication is attached hereto as Exhibit "H."

Defendant's Registrations

42. Defendant is the registrant of United States Service Mark Registration No. 1,679,064 on "WET WILLIE'S A BAR A PARTY AN INSTITUTION" (stylized and/or with design) for restaurant and bar services in International Class 42 (hereinafter "WET WILLIE'S Design Mark"), and is represented as follows:



43. Defendant is the registrant of United States Trademark Registration No. 3,284,827 on "WEAK WILLIE" (standard character mark) for non-alcoholic beverages, namely, a frozen daiquiri-flavored drink in International Class 32 (hereinafter "WEAK WILLIE Word Mark").

44. Defendant is the registrant of United States Service Mark Registration No. 3,561,130 on "WET WILLIE'S" (standard character mark) for restaurant and bar services in International Class 43 (hereinafter "WET WILLIE'S Word Mark").

45. Defendant is the registrant of United States Trademark Registration No. 3,725,341 on "NAKED WILLIE" (standard character mark) for alcoholic beverages, namely, a frozen daiquiri cocktail drink, and liquid alcoholic cocktail mixes, namely, daiquiri-flavored mixes in International Class 33 (hereinafter "NAKED WILLIE Word Mark").

46. The aforementioned registrations of the WET WILLIE'S Design Mark, WEAK WILLIE Word Mark, WET WILLIE'S Word Mark, and NAKED WILLIE Word Mark are hereinafter

referred to collectively as "Defendant's Asserted Registrations." True and correct copies of the certificates of Defendant's Asserted Registrations are attached hereto as Exhibit "I."

47. Defendant is also the registrant of other United States registrations, including United States Trademark Registration No. 1,784,968 on "CALL A CAB" (standard character mark), United States Service Mark Registration No. 3,139,171 on "SUPPORT GLOBAL COOLING" (standard character mark), United States Trademark Registration No. 3,282,140 on "SHOCK TREATMENT" (standard character mark), and United States Trademark Registration No. 3,797,527 on "GLOBAL COOLER" (standard character mark), albeit each have not yet been asserted by Defendant in previous interactions against Mr. Motwani. True and correct copies of the certificates of these particular unasserted registrations are attached hereto as Exhibit "J."

48. Defendant, as registrant, is the owner of right, title, and interest to the aforementioned marks, and is in the business of licensing these marks to franchisees for use in connection with operating daiquiri shops throughout the United States.

### Defendant's Demands and Opposition

49. Mr. Motwani's counsel of record received a letter, dated January 27, 2017, regarding "WILLIE'S CHICKEN SHACK" (hereinafter "Demand Letter"), from counsel of Defendant, challenging Mr. Motwanis applications for registration of the WILLIE'S CHICKEN SHACK MARKS and further accusing Mr. Motwani of infringing and diluting Defendant's Asserted Registrations. A true and correct copy of the Demand Letter is attached hereto as Exhibit "K."

50. Defendant's Demand Letter broadly asserts perceived rights associated with the exclusive use of the terms "WILLIE" and "WILLIE'S" in connection with restaurants, including those that "specialize in frozen daiquiris." *See* Ex. K.

51. Defendant seemingly perceives that the concept of serving daiquiris and food is a novel and unique endeavor, particularly under the terms "WILLIE" and "WILLIE'S," as Defendant's Demand Letter explicitly states that Defendant "cannot allow another business to use marks containing the term WILLIE in connection with a restaurant that so closely <u>mimics the Wet Willie's concept</u>." *See* Ex. K. (emphasis added).

52. Defendant's Demand Letter only offers conclusory statements that there is an infringement and dilution of Defendant's Asserted Registrations, and a prohibition of Mr. Motwani's applications for registration, predicated on a belief that Defendant's service of daiquiris is proprietary in relation to the use of the term "WILLIE'S."

53. Defendant's Demand Letter provided no further analysis as to how Mr. Motwani's WILLIE'S CHICKEN SHACK Marks infringe upon and dilute Defendant's Asserted Registrations, and are prohibited from registration, besides merely containing the term "WILLIE'S."

54. Defendant's Demand Letter also enclosed a Consolidated Notice of Opposition of the registration of Mr. Motwani's WILLIE'S CHICKEN SHACK Marks. *See* Ex. K.

55. Defendant initiated Opposition No. 91232527 in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board against Mr. Motwani in the matter of Service Mark Application Serial Nos. 87/113,561 and 87/113,606.

56. Defendant's Opposition requested that the Trademark Trial and Appeal Board deny the registration of Mr. Motwani's WILLIE'S CHICKEN SHACK Marks.

57. Defendant relies upon only two grounds in its Opposition: an alleged likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), and an alleged dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58.     Defendant essentially believes the common practice of serving daiquiris in connection with the prevalent and common term "WILLIE'S" is proprietary.

### Defendant's Enforcement of Non-Existent Rights Against Mr. Motwani

59.     However, Defendant's Asserted Registrations are limited in scope as the term "WILLIE'S" is common-place in the operation of a bar and/or restaurant, and throughout the marketplace.

60.     For example, a search in the Trademark Electronic Search System for "WILLIE," "WILLY," and/or "WILLEY" in connection with restaurant or bar goods and/or services returns forty-nine (49) live records, indicating the number of un-abandoned applications applied-for in the United States Patent and Trademark Office.  Forty-four (44) of these forty-nine (49) live applications were subsequently federally registered by the United States Patent and Trademark Office, confirming the right to register and use "WILLIE," "WILLY," and/or "WILLEY" in connection with restaurant or bar goods and/or services.  A true and correct copy of this search result, dated March 10, 2017, is attached hereto as Exhibit "L."

61.     Defendant's Asserted Registrations are limited in scope as the services provided under its marks are not unique in any regard.

62.     Defendant, throughout both its Demand Letter and Consolidated Notice of Opposition, made multiple references to proprietary rights that do not exist in any regard.

63.     Despite Defendant's belief and perception, the business of serving daiquiris, even from visible daiquiri machines, are not synonymous with any of Defendant's Asserted Registrations, and Defendant holds absolutely no proprietary interest in such service.

64.     Despite Defendant's belief and perception, the business of serving daiquiris, even from visible daiquiri machines, is not a unique endeavor in any regard that can be mimicked.

65. Mr. Motwani's WILLIE'S CHICKEN SHACK Marks are sufficiently dissimilar from Defendant's Asserted Registrations in their entireties as to appearance, sound, connotation, and commercial impression.

66. The services provided under WILLIE'S CHICKEN SHACK Marks are not likely to cause any confusion, mistake, or deception among consumers as to the source of the services.

67. Mr. Motwani's WILLIE'S CHICKEN SHACK Marks do not suggest and are not likely to cause confusion as to an association, affiliation, sponsorship, endorsement, or any other false connection with Defendant or Defendant's services or goods.

68. Mr. Motwani's WILLIE'S CHICKEN SHACK Marks <u>do not</u> infringe Defendant's Asserted Registrations.

69. The marks found under Defendant's Asserted Registration are not famous for the purpose of dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

70. Mr. Motwani's WILLIE'S CHICKEN SHACK Marks <u>do not</u> dilute Defendant's Asserted Registrations.

71. Therefore, Defendants unlawfully assert non-existent rights against Mr. Motwani when opposing the registration of Mr. Motwani's WILLIE'S CHICKEN SHACK Marks and further asserting that Mr. Motwani's WILLIE'S CHICKEN SHACK Marks constitute as an infringement and dilution of Defendant's Asserted Registrations.

72. Defendant has not been damaged and is not likely to be damaged by the use, application, and registration of Mr. Motwani's WILLIE'S CHICKEN SHACK Marks.

73. Nevertheless, Defendant attempts to enforce its alleged service mark and trademark rights well-beyond any reasonable interpretation of the scope of its actual rights.

74. Defendant demanded Mr. Motwani to file an express abandonment of Service Mark Application Serial No. 87/113,561.  *See* Ex. K.

75. Defendant demanded Mr. Motwani to file an express abandonment of Service Mark Application Serial No. 87/113,606.  *See* Ex. K.

76. Defendant demanded Mr. Motwani to cease and desist from all further use of the WILLIE'S CHICKEN SHACK Marks.  *See* Ex. K.

77. Defendant demanded Mr. Motwani to cancel any corporate or fictitious name registrations related to "Willie's Chicken Shack."  *See* Ex. K.

78. Defendant demanded Mr. Motwani to abandon his domain name registration at [www.willieschickenshack.com] and any other domain that contains the term "WILLIE."  *See* Ex. K.

79. Defendant demanded Mr. Motwani to execute a written agreement not to use or register in the future any trademarks, service marks, trade names, corporate names, domain names, search engine keywords, or social media account names that consist of, or are confusingly similar to, the Defendant's Asserted Registrations.  *See* Ex. K.

80. Defendant's Demand Letter signaled the initiation of litigation before the Trademark Trial and Appeal Board, and is unequivocally implying a threat of civil litigation in federal court against Mr. Motwani by virtue of the foregoing demands and allegations outlined in the Demand Letter.

81. Defendant's opposition of the registration of Mr. Motwani's WILLIE'S CHICKEN SHACK Marks and allegations of Mr. Motwani's infringement and dilution of Defendant's Asserted Registrations place a cloud of fear, uncertainty, and doubt over Mr. Motwani's services under its name and marks, when the WILLIE'S CHICKEN SHACK Marks <u>do not</u> infringe and <u>do not</u> dilute Defendant's Asserted Registrations and are not prohibited from registration.

82. Defendant by its counsel's own admission aims to continue the expansion of its brand nationwide. *See* Ex. K.

83. Defendant's current course of action against Mr. Motwani is motivated by such interest of expansion.

84. Mr. Motwani's legal rights are clearly adverse with Defendants' allegations and interests.

85. Mr. Motwani filed the Applicant Answer to Consolidated Notice of Opposition on March 8, 2017. A true and correct copy of this filing is attached hereto as Exhibit "M."

86. The aforementioned Opposition, demands, threat of litigation, and cloud of fear, uncertainty, and doubt will persist absent a resolution of the claims of trademark infringement and dilution alleged by Defendant in the Demand Letter.

87. This controversy is amenable to specific relief through a decree of conclusive character from this Court.

88. Notwithstanding the following, Mr. Motwani retains the right to assert affirmative defenses as an additional route of protection of its rights in response to any counter-claim asserted by Defendant.

## FEDERAL CLAIMS

### Count I, Declaratory Judgment of Trademark Non-Infringement
### 28 U.S.C. §§ 2201(a), 2202

89. Mr. Motwani hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 88 hereof as if fully set forth herein.

90. Mr. Motwani has a reasonable apprehension that Defendant will file a lawsuit against Mr. Motwani alleging infringement of Defendant's Asserted Registrations.

91. Mr. Motwani's WILLIE'S CHICKEN SHACK Marks <u>do not</u> infringe Defendant's Asserted Registrations. Accordingly, Mr. Motwani does not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

92. A judicial declaration is both necessary and appropriate so that Mr. Motwani may ascertain his rights to the use of the WILLIE'S CHICKEN SHACK Marks in light of Defendant's broad assertions and contentions found in the Demand Letter.

93. Consequently, a substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that warrants the issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, that Mr. Motwani's use of the WILLIE'S CHICKEN SHACK Marks is not an infringement of any of Defendant's Asserted Registrations in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.

### Count II, Declaratory Judgment of Trademark Non-Dilution
### 28 U.S.C. §§ 2201(a), 2202

94. Mr. Motwani hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 93 hereof as if fully set forth herein.

95. Mr. Motwani has a reasonable apprehension that Defendant will file a lawsuit against Mr. Motwani alleging dilution of Defendant's Asserted Registrations.

96. Mr. Motwani's WILLIE'S CHICKEN SHACK Marks <u>do not</u> dilute Defendant's Asserted Registrations. Accordingly, Mr. Motwani does not violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

97. A judicial declaration is both necessary and appropriate so that Mr. Motwani may ascertain his rights to the use of the WILLIE'S CHICKEN SHACK Marks in light of Defendant's broad assertions and contentions found in the Demand Letter.

98. Consequently, a substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that warrants the issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, that Mr. Motwani's use of the WILLIE'S CHICKEN SHACK Marks is not a dilution of any of Defendant's Asserted Registrations in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Mr. Motwani respectfully requests that this Court enter judgment in its favor and against Defendant on all claims for relief asserted herein, as follows:

A. Declaring that Mr. Motwani's use of WILLIE'S CHICKEN SHACK Marks is not in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

B. Declaring that Mr. Motwani's use of WILLIE'S CHICKEN SHACK Marks is not in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

C. Declaring that Defendant's Asserted Registrations are unenforceable against Mr. Motwani;

D. Enjoining, preliminarily and permanently, Defendants and its officers, directors, employees, servants, agents, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from asserting, including filing or prosecuting any civil action, or threatening to assert any charge of infringement or dilution against Mr. Motwani;

E. Enjoining, preliminarily and permanently, Defendants and its officers, directors, employees, servants, agents, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from opposing the registration of the WILLIE'S CHICKEN SHACK Marks in the United States Patent and Trademark Office

before the Trademark Trial and Appeal Board, or threatening to oppose any other mark by which Mr. Motwani obtained rights thereon;

F.Declaring this to be an exceptional case and awarding Mr. Motwani his costs and expenses in this action, including reasonable attorneys' fees; and

G.Granting Mr. Motwani such other and further relief as this Court deems just and proper.


Dated: March 10, 2017Respectfully submitted,

 /s./ *Thomas S. Keaty*
Thomas S. Keaty – 7666, T.A.
Keaty Law Firm
365 Canal Street, Suite 2410
New Orleans, Louisiana 70130
Tel.: (504) 524-2100
Fax: (504) 524-2105
tskeaty@keatypatentfirm.com

*Attorney for Plaintiff Aaron Motwani*